IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES W. SMITH,          )
                           )
         Plaintiff,        )
                           )
    v.                     )    No. 05 C 4461
                           )
DOMINICK'S FINER FOODS, INC., )
                           )
         Defendant.        )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Charles Smith is a former loss prevention investigator for defendant Dominick's Finer Foods, Inc.,[1] a retail grocery store chain. Plaintiff alleges that he was discriminatorily discharged because of his sex, national origin, age, physical handicap, and medical conditions. The inartfully drafted complaint also makes reference to denials of disability benefits, without making clear the contours of any claim based on the alleged loss of benefits. However, since plaintiff had a separate case alleging the loss of disability

---

[1] The Complaint incorrectly refers to defendant as Dominick's/Safeway. The parties agree the corporation's correct name is Dominick's Finer Foods, Inc., which will be substituted in.

benefits, see Smith v. Dominick's Finer Foods, Inc., No. 05 C 1150 (N.D. Ill.),[2] the present complaint is construed as not containing any claim for loss of disability benefits. Plaintiff's claims are limited to a loss of employment based on the various grounds for discrimination recited in the complaint. Presently pending are plaintiff's motion to strike his deposition, defendant's motion to dismiss as a discovery sanction, plaintiff's motion to compel responses to interrogatories and requests for document production, and defendant's motion for a protective order precluding the depositions of various current or former employees of defendant.[3]

Plaintiff claims that, during a break in plaintiff's deposition, one of defendant's attorneys accused plaintiff of stealing a file. The attorney allegedly yelled at plaintiff, grabbed at plaintiff's briefcase, threatened to call the police, and blocked plaintiff from leaving the conference room where the deposition was taking place. Plaintiff claims this left him too

---

[2]This case was dismissed prior to the filing of the present case. More recently, a motion to reinstate that case was denied.

[3]As to the opponent's motion, both parties contend that there has been a failure to consult adequately as required by Local Rule 37.2. Subsequent to the briefing of all the motions at issue, ruling on the motions was delayed while the parties engaged in settlement negotiations under the supervision of the assigned magistrate judge. The parties did not succeed in reaching a settlement. Requiring further consultation before ruling on motions is unlikely to result in any agreement and instead would only delay matters further.

distraught to properly testify and therefore his deposition should be stricken. These accusations are contained in plaintiff's briefs. However, plaintiff does not support them with an affidavit or declaration. He contends that the court reporter was present and could testify as to what happened, but plaintiff also does not provide any affidavit or declaration of the court reporter. In its brief, defendant denies the accusations, but defendant also fails to support the denials with any affidavit or declaration. Defendant does provide the complete transcript of the deposition. During the deposition, there is no complaint from plaintiff about the treatment he received during any break[4] nor a request to terminate the deposition due to any distress he was suffering. Plaintiff has not met his burden of showing a basis for striking his deposition.[5]

Without citing any supporting legal authority, defendant contends that plaintiff's case should be dismissed because

---

[4]Plaintiff does not identify the break during which this confrontation occurred. Defendant represents that, during the lunchbreak, the attorney noticed a missing file and asked plaintiff if he had it. According to defendant, plaintiff interpreted this as an accusation and became enraged. Assuming the dispute about the missing file occurred during the lunchbreak, the deposition testimony that occurred immediately thereafter is found at page 157 of the 248-page transcript.

[5]Even if a basis existed for striking the deposition, the only portion that would be stricken would be that part that occurred after the alleged confrontation.

plaintiff allegedly was evasive when answering questions during his deposition. Plaintiff did often respond that he did not remember certain things, including whether his current name is the one given him at birth. Plaintiff explained during his deposition that, since a 1989 accident, he has trouble remembering things, especially events that occurred prior to the accident.

Presumably, defendant is seeking a sanction pursuant to Fed. R. Civ. P. 37(b).[6] Any such sanctions, however, are for failing to obey a court order. See Fed. R. Civ. P. 37(b)(2); Maynard v. Nygren, 332 F.3d 462, 467 n.2 (7th Cir. 2003). Defendant does not point to any court order that plaintiff has failed to obey. Even if there is an order that was disobeyed, the draconian sanction of dismissal is only appropriate if there is clear and convincing evidence of willfulness, bad faith, or fault. Maynard, 332 F.3d at 467-68. Defendant has not shown a sufficient basis for dismissing the complaint. Defendant's motion to dismiss will be denied.

Plaintiff noticed depositions for seven current employees and one former employee of Dominick's. The depositions were noticed to be taken in Rockford, Illinois. The present case is pending in the Eastern Division of this District; Rockford is

---

[6] Rule 37(c) would be inapplicable since plaintiff's deposition is at issue, not any written discovery provided in accordance with Rule 26(a).

located in the Western Division. As to those depositions that will be required, defendant requests that they take place in Chicago. Plaintiff has agreed to take any depositions at a court reporter's office in Elgin, Illinois, which is where plaintiff lives and within the Eastern Division. Plaintiff will be permitted to take depositions in Elgin, including as to those employees of Dominick's whose work site is outside Illinois.

Defendant objects to taking five of the depositions and represents that it has no control over the former employee, Mary Potts. As to Potts, plaintiff must serve a subpoena directly upon her and see if she appears or files any objection. Defendant does not oppose depositions being taken of Human Resources Director DeWayne Howard and Director of Loss Prevention, Michael Watt. Defendant represents that these two employees were primarily responsible for the decision to discharge plaintiff as well as the investigation into plaintiff's alleged use of a false identity, conduct that defendant contends was the basis for the discharge.

William Harris is referred to as an in-house counsel for defendant. In response to one of plaintiff's interrogatories, he is identified as Senior Corporate Counsel, Legal Division of Safeway Inc. Safeway is Dominick's parent. Harris has not filed an appearance in this case. In this case, defendant is represented by outside counsel. Harris is the attorney involved

in the incident at plaintiff's deposition. Harris was present at the deposition, but did not ask any questions. The questioning was by an outside counsel who has filed an appearance in the case. In response to Interrogatory No. 2, it is stated that "Harris has knowledge of Plaintiff's employment, short term and long term disability leaves and Plaintiff's termination." Harris apparently was consulted by supervisory employees regarding plaintiff's discharge and internal or administrative disability and wage claims. Defendant, however, has provided little detail as to Harris's precise role. Sometimes licensed attorneys act more as managers or human resources personnel than as attorneys. Plaintiff contends that Harris did not simply provide advice, but made pertinent personnel decisions. Neither side provides any support for its conclusory contentions. At this time, however, plaintiff will not be permitted to depose Harris. He must first depose other supervisory employees whom defendant contends were the decisionmakers. If, after deposing the other employees, plaintiff still believes he needs to depose Harris, he must bring a motion and point to deposition testimony and/or document discovery supporting a need to depose Harris. Cf. Stalling v. Union Pacific Railroad Co., 2004 WL 783056 *2-3 (N.D. Ill. Jan. 23, 2004). At the present time, the protective order will be granted as to deposing Harris.

As to the other four deponents, defendant provides little information beyond their job titles. Nancy Jage currently works as a Security Manager in Arizona. She previously worked as a Security Investigator in the loss prevention office. Plaintiff identifies Jage as a similarly situated female who was treated more favorably than he. She is specifically mentioned in the Complaint. Plaintiff contends she was treated more favorably because she has a past narcotics conviction that was not included on her employment application, but she was not discharged when she disclosed it while an employee. Defendant will be required to produce Jage for a deposition in Elgin. The deposition will be limited to two hours.

Defendant identifies Pat Reeser as a workers' compensation adjustor. Defendant contends that plaintiff's workers' compensation claim is not relevant to this litigation. Plaintiff contends she "illegally" obtained medical information and a background check on him. Plaintiff also claims that she interfered with his obtaining disability benefits. Plaintiff's termination, not his qualification for disability benefits, is at issue in the present case. Plaintiff has received a copy of his personnel file showing what documentation there may have been

supporting his discharge.[7] Plaintiff will not be permitted to depose Reeser.

The only information defendant provides regarding Michael McCue is that his job title is Director of Risk Management. As to McCue, plaintiff makes allegations similar to those made as against Reeser. Plaintiff also contends that McCue was primarily responsible for his denial of disability benefits. However, in response to Interrogatory No. 2, defendant states that McCue has knowledge of plaintiff's termination. Plaintiff will be permitted to depose McCue for a maximum of two hours. That deposition shall be limited to questions relevant to the decision to discharge plaintiff.

The only information defendant provides regarding Brenda Pedersen is that she is the Human Resources Manager. Presumably, that is a position below Howard, who is the Director of Human Resources. Plaintiff contends Pedersen was involved in both his discharge and denial of disability benefits. He contends she was the person he had post-discharge discussions with, apparently in an attempt to be reinstated. In answer to Interrogatory No. 2, defendant states that Pedersen has knowledge of plaintiff's discharge. Plaintiff will be permitted to depose Pedersen. Her

---

[7]Since defendant contends the personnel file is an adequate disclosure, it will not be permitted to rely on other documentary evidence regarding plaintiff's grounds for discharge if not part of plaintiff's personnel file.

deposition shall not exceed two hours and will be limited to questions relevant to plaintiff's discharge.

Last to be considered is plaintiff's motion to compel answers to interrogatories and document production.[8] Plaintiff's requests are often overbroad and he has made no attempt to narrow them in response to defendant's objections. For example, defendant need not identify every lawsuit it has ever been involved in regardless of subject matter or how recent it was. Questions about events in 2004, well after plaintiff was discharged, generally are not relevant. Plaintiff does not need to know the full employment history, education, military service, job duties, and wages of the people he lists in Interrogatory No. 5. Defendant will not be required to provide further answers to any of the interrogatories except one. Similar to what is asked in Interrogatory No. 11, defendant shall answer whether Jage listed any prior conviction on her employment application, whether defendant has any knowledge that Jage has any convictions, and, if so, when it obtained such knowledge and what convictions it is believed she has. In response to the request for production of documents, defendant will not be required to provide any personnel files of employees other than plaintiff.

---

[8] Plaintiff also requested a privilege log, which defendant has since provided.

As to the requests for production of documents, defendant shall only be required to provide additional responses to the following requests. To the extent no additional documents exist regarding any of the items set forth below, defendant shall inform plaintiff in writing. To the extent any responsive document is claimed to be protected by attorney-client privilege or the work product doctrine, the document must be identified in a privilege log. As to Request No. 8, defendant shall provide any documents of Howard, Watt, McCue, and Pedersen which are not part of plaintiff's personnel file and which pertain to plaintiff's job performance and discharge. As to Request No. 10, defendant shall provide any additional documents that were not part of plaintiff's personnel file, but defendant is not required to respond to the portions of Request No. 10 concerning retaining or returning company property. Defendant shall respond to Request No. 30, but shall redact from any responsive documents all information identifying the individual employee that is the subject of the responsive document.[9]

Since each party has one motion that was denied entirely and another that was granted in part and denied in party, each party shall bear its own fees and expenses for each motion.

---

[9] Request No. 30 asks for "security reports." To the extent defendant does not have any documents with that precise name, it shall act reasonably in broadly construing the meaning of that term.

IT IS THEREFORE ORDERED that Dominick's Finer Foods, Inc. is substituted for defendant Dominick's/Safeway and the Clerk of the Court is directed to amend the docket accordingly. Plaintiff's motion to strike [14] is denied. Defendant's motion to dismiss [17] is denied. Plaintiff's motion to compel [18] is granted in part and denied in part. Defendant's motion for a protective order [23] is granted in part and denied in part. All discovery is to be completed by August 31, 2006. A status hearing is set for September 13, 2006 at 11:00 a.m.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: JUNE /, 2006