IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES W. SMITH,                    )
                                     )
            Plaintiff,               )
                                     )
     v.                              )   No. 05 C 4461
                                     )
DOMINICK'S FINER FOODS, INC.,        )
                                     )
            Defendant.               )

## OPINION AND ORDER

Pro se plaintiff Charles Smith is a former loss prevention investigator for defendant Dominick's Finer Foods, Inc., a retail grocery store chain. In his Complaint, plaintiff alleges that he was discriminatorily discharged because of his sex, national origin, age, physical handicap, and medical conditions. While the only anti-discrimination statute expressly mentioned in the Complaint is the Illinois Human Rights Act ("IHRA"), 775 ILCS 5, plaintiff is not bound by the legal characterizations of his claims that are contained in the Complaint; a claim can be stated as long as the facts alleged would support relief. See Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); Pope v. City of Chicago,

2009 WL 811625 *2 (N.D. Ill. March 24, 2009); Frederick v. Select Portfolio Serv., Inc., 2009 WL 230597 *3 (N.D. Ill. Jan. 30, 2009). In denying defendant's motion to dismiss and ruling on discovery motions, it has been assumed that plaintiff's discrimination claims can be based on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981;[1] the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and/or the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[2] Plaintiff also continues to contend that he has claims for a violation of the IHRA, some form of ERISA claim, and a state law tort claim for intentional infliction of emotional distress ("IIED"). Defendant has moved for summary judgment dismissing all claims.

---

[1] Unlike the other statutes, a § 1981 claim's timeliness is not affected by the administrative proceedings. See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 465-66 (1975); Randolph v. IMBS, Inc., 368 F.3d 726, 732 (7th Cir. 2004). As to other claims similarly unaffected, defendant raises timeliness issues. Defendant, however, failed to recognize that the national origin discrimination claim could also be construed as a § 1981 claim. In any event, the § 1981 claim is being dismissed on other grounds.

[2] Defendant removed this case to federal court based on there being a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In ruling on discovery motions, the Complaint was construed as having discrimination claims, but no viable ERISA claim. See Order dated June 1, 2006 at 1-2 [docket entry 37]. While that ruling does not expressly refer to the basis for the discrimination claims, at least one of those claims had to be based on a federal statute or there would have been no basis for continuing to retain jurisdiction over the case.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Fischer v. Avanade, Inc., 519 F.3d 393, 401 (7th Cir. 2008); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Hicks v. Midwest Transit, Inc., 500 F.3d 647, 651 (7th Cir. 2007); Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hicks, 500 F.3d at 651; Jumer, 472 F.3d at 946. The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Lorillard Tobacco Co. v. A & E Oil, Inc., 503 F.3d 588, 594-95 (7th Cir. 2007); Yasak v. Retirement Bd. of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir. 1995); Covalt v.

Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir. 1988); Freundt v. Allied Tube & Conduit Corp., 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return

> a verdict for that party." Anderson v. Liberty
> Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate
> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

As required by Local Rule and Seventh Circuit precedent, plaintiff was provided a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." Docket Entry [64]. See N.D. Ill. Loc. R. 56.2; Outlaw, 259 F.3d at 841; Worthem v. Carasquillo, 2009 WL 1034957 *2 (N.D. Ill. April 16, 2009). In his response to the summary judgment motion, plaintiff made a number of references to facts he claimed he would be able to prove and a need to depose additional witnesses. Federal Rule of Civil Procedure 56(f) provides that a court may deny a summary judgment motion or grant a continuance to enable a deposition or other discovery to be taken, if the nonmoving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(f) has been characterized as a "simple procedure." Deere & Co. v. Ohio Gear, 462 F.3d 701, 706 (7th Cir. 2006). The Rule applies to pro se litigants as

well. Farmer v. Brennan, 81 F.3d 1444, 1449 (7th Cir. 1996); DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993); Toombs v. Martin, 2005 WL 3501700 *1 (N.D. Ind. Dec. 19, 2005). While Rule 56(f) requires the submission of a supporting affidavit, a court has discretion to ignore the failure to comply with that requirement if the party otherwise clearly sets out the justification for a continuance. Pfeil v. Rogers, 757 F.2d 850, 856 (7th Cir. 1985); Bauer v. Shepard, 2008 WL 4411658 *3-4 (N.D. Ind. Sept. 25, 2008); Toombs, 2005 WL 3501700 at *1; Polish Am. Cong. v. City of Chicago, 226 F. Supp. 2d 930, 937-38 (N.D. Ill. 2002).

Although it was questionable whether plaintiff satisfied Rule 56(f), plaintiff was granted more than two months of time to take additional depositions. See Orders dated May 13, 2009 [71] and June 11, 2009 [77]. Nevertheless, plaintiff did not take any additional depositions. Defendant's motion for summary judgment is ripe for ruling.

Defendant contends plaintiff's factual response[3] should be stricken because it does not fully comply with Local Rule 56.1(b)(3). This court has discretion as to how strictly to

---

[3]Plaintiff titles his factual response [Docket Entry 68]: "Plaintiff's Opposition for the Court to Grant Defendant's Motion for a Summary Judgment." Factual contentions are also contained in his opposition brief [Docket Entry 67] entitled: "Plaintiff's Opposition to Defendant's Memorandum in Support to Grant Defendant's Motion for a Summary Judgment."

apply that Rule. See Bordelon v. Chicago Sch. Reform Bd. of Tr., 233 F.3d 524, 527 (7th Cir. 2000); Flory v. Mays, 2007 WL 4232781 *3 (N.D. Ill. Nov. 26, 2007); Winters v. Walsh Constr. of Ill., 2007 WL 2848403 *1 (N.D. Ill. Sept. 20, 2007); Watson v. Abt Elec., Inc., 2007 WL 79327 *4 (N.D. Ill. Jan. 8, 2007). Plaintiff's response will not be stricken. However, factual assertions that are not adequately supported, see Fed. R. Civ. P. 56(e), will not be sufficient to establish a genuine factual dispute precluding summary judgment.

Defendant contends this court lacks jurisdiction to consider an IHRA claim. However, while this court cannot directly entertain an IHRA claim, it does have supplemental jurisdiction to conduct administrative review of an IHRA claim. See 775 ILCS 5/8-111(B); Hu v. Cantwell, 2007 WL 1030468 *2 (N.D. Ill. March 29, 2007). Defendant concedes that plaintiff has exhausted his administrative remedies.[4] Plaintiff, however, is not seeking review of an administrative determination of the Illinois Human Rights Commission. He is directly raising an IHRA

---

[4]Defendant's Local Rule 56.1(a)(3) statement fails to present any facts regarding plaintiff's administrative proceedings. Even if defendant asserted otherwise in its brief, it would have to be assumed that plaintiff fully and properly exhausted all avenues of administrative relief. It may be, however, that he exhausted his remedies before the Illinois Department of Human Rights, but did not appeal any decision of the Department to the Commission.

claim in this court. There is no jurisdiction for such a claim.[5] Id. Not being able to bring an IHRA claim directly in court, however, does not significantly affect plaintiff's discrimination claims since this court has jurisdiction to consider his Title VII, § 1981, ADEA, and ADA claims. Alternatively, defendant contends that these claims fail on their merits.

The burden is on plaintiff to present sufficient evidence to support a genuine factual dispute that he was discriminated against because of his gender, national origin, age, or a disability. Plaintiff's primary contention is that he was discharged because of such discrimination. Under the indirect method, burden-shifting approach generally applied in analyzing summary judgment motions as to discrimination claims, a prima facie case of employment discrimination creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer satisfies that burden, the plaintiff must then show that the articulated reason is pretextual. Davis v. Con-Way Transp. Cent. Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004). The plaintiff

---

[5]Effective January 1, 2008, the IHRA was amended to permit claims to be brought directly in a court. See 775 ILCS 5/7A-702(B), 8-111(A). The new provisions do not apply to charges filed before January 1, 2008. 775 ILCS 5/7A-702(J), 8-111(F).

can do this by showing the impermissible factor was a motivating factor in the employer's decision or by presenting a material factual dispute as to the sincerity of the proffered reasons. Freeman v. Madison Metro. Sch. Dist., 231 F.3d 374, 379 (7th Cir. 2000); Collier v. Budd Co., 66 F.3d 886, 892 (7th Cir.1995) (quoting Colosi v. Electri-Flex Co., 965 F.2d 500, 502 (7th Cir. 1992)). As to the latter, it must be shown (a) that the proffered reason had no basis in fact, (b) that the proffered reason did not actually motivate the decision, or (c) that the reason was an insufficient reason to motivate the decision. Holmes v. Potter, 384 F.3d 356, 361 (7th Cir. 2004); Wells v. Unisource Worldwide, Inc., 289 F.3d 1001, 1006 (7th Cir. 2002). "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered," Davis, 368 F.3d at 384 (quoting Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000)).

A common formulation of the prima facie case is: (a) plaintiff is a member of a protected class; (b) he was meeting defendant's legitimate expectations; (c) he was subjected to an adverse employment action; and (d) similarly situated employees outside the protected class were treated more favorably. Raymond v. Ameritech Corp., 442 F.3d 600, 610 (7th Cir. 2006). As to the claim of a discriminatory discharge, defendant contends plaintiff cannot satisfy (b) or (d).

As part of his plea agreement in the criminal case, Smith admitted that he used a false name and social security number when working for defendant.[6] It is a legitimate expectation that a loss prevention investigator will not provide false information for employment purposes. Plaintiff provides no plausible explanation for admitting that he had engaged in such conduct even though it was not true. For purposes of summary judgment, it is taken as true that plaintiff engaged in such falsehoods. Therefore, he fails to meet at least one factor of his prima facie case that he was discriminatorily discharged. Even if plaintiff otherwise could establish a prima facie case that he was discriminatorily discharged, he cannot establish a genuine factual dispute that his being discharged for using the false name and social security number was a pretext for his discharge.

---

[6]Defendant relies on this being an evidentiary admission. Cf. Appley v. West, 929 F.2d 1176, 1179 (7th Cir. 1991). Defendant does not contend issue preclusion (collateral estoppel) applies. See generally Appley v. West, 832 F.2d 1021, 1026 (7th Cir. 1987); Shkrobut v. City of Chicago, 2005 WL 2787277 *2 (N.D. Ill. Oct. 24, 2005); In re Edgewater Med. Ctr., 332 B.R. 166, 173 (Bankr. N.D. Ill. 2005). At the time defendant moved for summary judgment, issue preclusion could not be applied since a final judgment had not yet been entered in the criminal case. See Universal Guar. Life Ins. Co. v. Coughlin, 481 F.3d 458, 462 (7th Cir. 2007); Washington Group Int'l, Inc. v. Bell, Boyd & Lloyd LLC, 383 F.3d 633, 636 (7th Cir. 2004); Lara-Unzueta v. Monica, 2004 WL 856570 *5 (N.D. Ill. April 20, 2004). By the time plaintiff responded to summary judgment, a judgment had been entered in the criminal case.

Plaintiff's claims that he was discriminatorily discharged will be dismissed.

In his Complaint, plaintiff alleges that he was discriminatorily denied his company car, cell phone, and laptop computer while on a leave of absence and discriminatorily denied information about his benefits. Defendant contends none of these constitute an adverse employment action and that plaintiff cannot make out a prima facie case that any were discriminatorily motivated. In response, plaintiff does not point to any sufficient evidence supporting that a similarly situated person outside one of his protected categories was treated more favorably while on leave or regarding being provided information. Since plaintiff does not present sufficient evidence of a prima facie case, his discrimination claims will be dismissed in their entirety.

Since raised in another case, it was previously assumed that plaintiff was not pursuing any claim directly under ERISA. In response to summary judgment, however, plaintiff asserts that unspecified provisions of ERISA were violated in denying plaintiff disability and other benefits. Plaintiff acknowledges that he ultimately received benefits, but contends it took two years and that he was impoverished and rendered homeless by the delay in receiving benefits and the loss of medical benefits while being both unemployed and not on disability. Defendant

contends that this ERISA claim is barred by claim preclusion (res judicata).

A federal judgment has a claim preclusive effect if there is "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Tice v. American Airlines, Inc., 162 F.3d 966, 970 (7th Cir. 1998). Accord Ross ex rel. Ross v. Board of Educ. of Twp. High Sch. Dist. 211, 486 F.3d 279, 282-83 (7th Cir. 2007). It is also required that the party against whom issue preclusion is invoked had a full and fair opportunity to litigate the issue in the previous proceeding. It is sufficient that the prior proceeding satisfied the minimal procedural requirements of due process. Hicks v. Midwest Transit, Inc., 479 F.3d 468, 471 (7th Cir. 2007). Claim preclusion bars not only the claims actually raised in the earlier suit, but also any claims that could have been raised in that suit. Highway J Citizens Group v. United States Dep't. of Transp., 456 F.3d 734, 741 (7th Cir. 2006).

In another case, plaintiff alleged he was improperly denied his disability benefits in violation of ERISA. See Smith v. Dominick's Finer Foods, Inc., No. 05 C 1150 (N.D. Ill.). There is no dispute that this case involved the same parties and same benefits. In July 2005, that case was dismissed for want of

prosecution. See id. [docket entry 11]. In March 2006, plaintiff's motion to reopen was denied, id. [docket entries 16, 17], and no appeal was taken. A dismissal for want of prosecution is a judgment on the merits for purposes of applying claim preclusion. Tartt v. Northwest Cmty. Hosp., 453 F.3d 817, 822 (7th Cir. 2006); Taylor v. Chicago Police Dep't, 2008 WL 2477694 *3 (N.D. Ill. June 18, 2008), aff'd by unpublished order, 2009 WL 1761784 (7th Cir. June 23, 2009). Plaintiff expresses disagreement with the denial to reinstate the prior case and also asserts that his ERISA claims have merit. However, he points to no facts supporting that, in the prior case, he was denied the minimum requirements of due process. Plaintiff's ERISA claims are precluded from being raised in the present lawsuit and will be dismissed.

Still remaining is plaintiff's state law IIED claim. Since the claims supporting federal jurisdiction have been dismissed, this claim could be remanded to state court. See 28 U.S.C. § 1441(c). Cf. id. § 1367(c)(3). Since this case has already been pending for a number of years, jurisdiction will be retained to resolve the remaining claim.

In his response to summary judgment, plaintiff narrows his IIED claim to being that defendant acted outrageously by continuing to deny his disability benefits for two years even though it knew he was entitled to such benefits. Such a claim is

not dependent on any allegation of discrimination nor is it based on being denied leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 <u>et seq.</u> Therefore, defendant's contentions that the IIED claim is preempted by the IHRA and FMLA are inapplicable to the remaining IIED claim.

A two-year limitation period applies to the IIED claim. 735 ILCS 5/13-202; <u>Feltmeier v. Feltmeier</u>, 207 Ill. 2d 263, 798 N.E.2d 75, 85 (2003). In <u>Feltmeier</u>, the Illinois Supreme Court discussed the applicability of the "continuing violation" rule.

> Generally, a limitations period begins to run when facts exist that authorize one party to maintain an action against another. However, under the "continuing tort" or "continuing violation" rule, "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease."
> At this juncture, we believe it important to note what does not constitute a continuing tort. A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. For example, in <u>Bank of Ravenswood</u>, [307 Ill. App. 3d 161, 717 N.E.2d 478 (1999)], the appellate court rejected the plaintiffs' contention that the defendant city's construction of a subway tunnel under the plaintiffs' property constituted a continuing trespass violation. The plaintiffs' cause of action arose at the time its interest was invaded, <u>i.e.</u>, during the period of the subway's construction, and the fact that the subway was present below ground would be a

> continual effect from the initial violation, but
> not a continual violation. [S]ee also Hyon, 214
> Ill. App. 3d at 765, 574 N.E.2d 129 (plaintiff's
> federal due process claim did not establish a
> continuing tort, where alleged wrongful sealing
> of plaintiff's incinerator by defendant city was
> single, discreet event and any alleged damages
> resulting from city's act were instead continued
> ill effects from a single alleged due process
> violation).

Id. at 85-86 (citations omitted).

Defendant contends the IIED claim is untimely because plaintiff alleges he was denied disability information on January 13, 2003 and discharged on January 29, 2003, but did not file the present action until June 16, 2005. Plaintiff contends he was continually denied benefits over a two-year period.

The statute of limitations is an affirmative defense. McRaith v. BDO Seidman, LLP, ___ Ill. App. 3d ___, ___ N.E.2d ___, 2009 WL 1505743 *14 (1st Dist. May 27, 2009). Defendant bears the burden of proof. See MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC, 364 Ill. App. 3d 6, 845 N.E.2d 22, 36 (1st Dist. 2006); Pritts v. Ball Metal Corp., 2009 WL 721550 *2 (N.D. Ind. March 18, 2009). The earliest the IIED claim could have accrued would be when the disability claim was first denied. Defendant provides no facts regarding when that first occurred nor any description of the administrative proceeding that may have resulted in further denials on review before plaintiff was ultimately granted benefits. Since, defendant presents no such

evidence, it cannot be determined that plaintiff's IIED claim is untimely nor any possible applicability of the continuing violation rule. The IIED claim will not be dismissed as untimely.

The IIED claim, however, will be denied on its merits. Plaintiff has the burden of establishing the elements of his IIED claim. An element of an IIED claim is that the defendant's conduct was extreme and outrageous. Lewis v. Sch. Dist. #70, 523 F.3d 730, 746 (7th Cir. 2008). Mere insults, threats, annoyances, petty oppressions, and other trivialities are not enough. Delay alone, if it was that, would not be sufficient. Instead, the defendant's conduct must go "beyond the bounds of human decency and be considered intolerable in a civilized community." Id. at 746-47. Plaintiff conclusorily asserts in his brief that employees of defendant denied benefits even though there was no basis for doing so and that they did it intentionally to cause him to suffer. It need not be decided if such a situation could possibly support an IIED claim because plaintiff points to no facts that would prove his assertions. The IIED claim will be dismissed.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [59] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 28, 2009